J-S20031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MEDINA LYNN SOUDERS | : | |
| | : | |
| Appellant | : | No. 1648 MDA 2017 |

Appeal from the Judgment of Sentence June 20, 2017
In the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-0000038-2016

BEFORE: GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 22, 2018**

Appellant, Medina Lynn Souders, appeals from the judgment of sentence entered in the Fulton County Court of Common Pleas, following her jury trial convictions for forgery by uttering, solicitation to commit forgery by making, solicitation to commit forgery by uttering, and conspiracy to commit forgery and theft.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

> DID THE TRIAL COURT ERR IN DENYING [APPELLANT]'S POST-SENTENCE MOTION BECAUSE THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT

---

[1] 18 Pa.C.S.A. §§ 4101(a)(3), 902, and 903, respectively.

[APPELLANT]'S CONVICTIONS FOR SEVEN COUNTS OF SOLICITATION TO COMMIT FORGERY?

DID THE TRIAL COURT ERR IN DENYING [APPELLANT]'S POST-SENTENCE MOTION BECAUSE [APPELLANT]'S CONVICTIONS FOR SEVEN COUNTS OF SOLICITATION TO COMMIT FORGERY WERE AGAINST THE WEIGHT OF THE EVIDENCE?

With respect to a sufficiency claim:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Our standard of review for a challenge to the weight of the evidence is

as follows:

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An

appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Angela R. Krom, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed October 5, 2017, at 2-16) (finding: **(1)** co-defendant's mental capability is limited; co-defendant cannot read, spell, or complete check without assistance; co-defendant testified when she and Appellant visited Victim's home, Appellant told co-defendant to take Victim's blank checks or Appellant would make co-defendant walk home; two weeks after incident, co-defendant provided to Trooper Falkosky written statement admitting she signed Victim's name on eight stolen checks; Appellant's sister, Elizabeth Fern Souders, testified Appellant gave her one of Victim's checks in amount of $120.00, and explained Victim had loaned Appellant money to pay bills; Ms. Souders identified Appellant's handwriting on payee line of check;

Commonwealth introduced at trial composite of Appellant's signatures from her written statement to police and copy of completed stolen check, which permitted jury to compare Appellant's signatures on written statement with handwriting on check; also, co-defendant gave Lynn Mellot another of Victim's checks made payable to Ms. Mellot for Appellant's daughter's rent; Ms. Mellot testified bank rejected check she had received from co-defendant; when Ms. Mellot questioned Appellant, Appellant explained Victim had put stop payment on some of his checks, because his girlfriend had stolen some checks; Appellant told Ms. Mellot that check co-defendant had given her was not stolen; evidence was sufficient to demonstrate co-defendant stole Victim's checks at Appellant's behest and Appellant commanded, encouraged, or requested co-defendant to commit forgery; **(2)** jury's verdict suggests jury gave little weight to: video Appellant's sisters orchestrated in which co-defendant provided different explanation for how she obtained Victim's blank checks; Appellant's suggestion that Victim had given Appellant and co-defendant blank checks in exchange for sexual favors; and Appellant's argument she had no reason to commit offenses because she and her boyfriend were financially stable; jury's verdict is consistent with evidence at trial). The record supports the trial court's rationale. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/22/2018